CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

2012 AUG -9   AM 10: 04

DEPUTY CLERK_____

|  |  |  |
|---|---|---|
| FRANK HOCH, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:11-CV-053-BL |
| | § | ECF |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

THIS CASE is before the court upon Plaintiff's complaint filed May 15, 2011, for judicial

review of the administrative decision of the Commissioner of Social Security denying Plaintiff's

application for supplemental security income ("SSI") benefits under Title XVI of the Social Security

Act. Plaintiff filed a brief in support of his complaint on September 19, 2011, Defendant filed a brief

on October 18, 2011, and Plaintiff filed his reply on October 29, 2011. The parties consented to

having the United States magistrate judge conduct all further proceedings in this case on March 30,

2011 (Doc. 8), and June 23, 2011 (Doc. 17). This court has considered the pleadings, the briefs, and

the administrative record and finds that the Commissioner's decision should be affirmed and that

Plaintiff's complaint should be dismissed with prejudice.

### I.   STATEMENT OF THE CASE

Plaintiff protectively filed an application for SSI benefits on October 14, 2008, alleging

disability beginning August 1, 2008. Tr. 10. Plaintiff's application was denied initially and upon

reconsideration. Tr. 10, 41-45, 51-54. Plaintiff filed a Request for Hearing by Administrative Law Judge on May 22, 2009, and this case came for hearing before the Administrative Law Judge ("ALJ") on September 11, 2009. Tr. 10, 55-57. Plaintiff, represented by an attorney, testified in his own behalf. Tr. 257-71. Michael Driscoll, a vocational expert ("VE"), appeared but did not testify. Tr. 10. The ALJ issued a decision unfavorable to Plaintiff on October 30, 2009. Tr. 7-16.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff had not engaged in substantial gainful activity at any time since August 1, 2008. Tr. 11, 15. Plaintiff has "severe" impairments, including chronic pancreatitis, chronic alcoholic cirrhosis, osteoarthritis of the hands and right knee and polyarthralgia. *Id.* Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id.* Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 14.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning his impairments and their impact on his ability to work were not entirely credible. Tr. 13.

The ALJ found that Plaintiff could not return to his past relevant work as a farrier or a horse trainer. Tr. 14-15. He noted that Plaintiff was considered an "individual closely approaching advanced age" with a high school education. 20 C.F.R. §§ 416.963, 416.964; Tr. 15.

The ALJ found that Plaintiff retained the RFC to perform the physical exertional requirements of light work and that there no significant nonexertional limitations. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 15-16.

Plaintiff submitted a Request for Review of Hearing Decision/Order on December 2, 2009. Tr. 6. The Appeals Council denied Plaintiff's request and issued its opinion on January 18, 2011, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 1-5. The ALJ's decision, therefore, became the final decision of the Commissioner.

On May 15, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's

decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson,* 309 F.3d at 271; *Newton,* 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy. Tr. 15-16.

### III. DISCUSSION

Plaintiff claims that the ALJ's decision is not supported by substantial evidence because the ALJ erred by applying the Medical-Vocational Guidelines despite his nonexertional limitations, failed to consider transferable skills or other vocationally relevant factors when finding at step 4 that Plaintiff could perform light work or work less physically demanding than his past relevant work, and failed to carry the burden on the Commissioner to demonstrate at step 5 that Plaintiff could perform jobs which exist in significant numbers in the national economy.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

### A. Whether the ALJ erred at step 4.

Plaintiff argues that the ALJ erred in finding that Plaintiff could not perform his past relevant work and could perform work at the light exertional level at step 4 of the sequential evaluation process.   Plaintiff argues that the ALJ incorrectly applied the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P. App 2. Table No 1, ("the Grids") to direct a finding that Plaintiff could perform a full range of light work.

Where a claimant cannot perform the full range of a specific level of work activity or has significant nonexertional impairments, the ALJ may not mechanically apply the Grids, although they may be used as a framework.  Application of the Grids is appropriate "when it is established that a claimant suffers only from exertional impairments, or that the claimant's nonexertional impairments do not significantly affect his residual functional capacity." *Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999).  The ALJ should make an individualized determination of the claimant's ability to perform specific jobs in the national economy where there are nonexertional limitations.  *Carry v. Heckler*, 750 F.2d 479, 483 (5th Cir. 1985) (citing *Parris v. Heckler*, 733 F.2d 324, 326 (4th Cir.1984)).

Plaintiff argues that a requirement of no more than occasional stooping or no more than frequent climbing, balancing, kneeling, crouching, and crawling limited his ability to perform work at the light exertional level.  Plaintiff argues that because of these nonexertional limitations, mechanical application of the Grids was improper.

The ALJ, however, did not find nonexertional limitations that would preclude application of the Grids in this case.  The ALJ specifically found that Plaintiff retains the ability to perform the physical and exertional requirements of light work, with "no significant nonexertional limitations." While Plaintiff may experience pain, the ALJ did not find that Plaintiff's pain constituted a

nonexertional limitation that significantly affected Plaintiff's capacity to perform work at the light exertional level.

Plaintiff again argues in his Reply that pain was a nonexertional factor. Pain was not incorporated into the RFC finding as a limitation on Plaintiff's ability to perform work activity. The ALJ found that Plaintiff's statements concerning his impairments and their impact on his ability to perform work activity were not entirely credible. Tr. 15.

Pursuant to SSR 96-7p, the adjudicator is required to go through a two-step process in evaluating a claimant's symptoms. The ALJ must first:

> consider whether there is an underlying medically determinable physical or mental impairment . . . that could reasonably be expected to produce the individual's pain or other symptoms . . . . Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p.

The ALJ may consider various factors in assessing a claimant's credibility, including the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any palliative measures used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *Id.*

-6-

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987).

In his opinion, the ALJ noted that he had considered the factors set forth in SSR 96-7p in evaluating Plaintiff's subjective complaint of pain. Tr. 14. The ALJ discussed the medical evidence of record. Tr. 12-14. The ALJ noted that although Plaintiff may experience some degree of pain or discomfort at times of overexertion, the evidence of record did not demonstrate that Plaintiff was so limited by his pain as to preclude a full range of work at the light exertional level on a sustained basis. Tr. 14 The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* The ALJ properly exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were most supported by the record. *Muse v. Sullivan*, 925 F.2d at 790.

The ALJ's finding that Plaintiff's pain was not an exertional limitations on his ability to perform work activity is supported by substantial evidence. The ALJ did not err at step 4 of the sequential evaluation process in applying the Grids to direct a finding of not disabled.

**B.      Whether the ALJ erred at step 5 by failing to call a vocational expert and identity**

Plaintiff further argues that the ALJ erred by failing to call a VE to testify in this case and by failing to appropriately analyze Plaintiff's transferable skills, if any.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

A claimant's work experience encompasses the skills and abilities acquired through work done in the past, which shows the type of work a claimant may be expected to do. 20 C.F.R. § 404.1565. Transferable skills are those "that can be used in other jobs, when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs." 20 CFR § 404.1568(d). If the claimant has acquired skills through his past work, the Commissioner will consider him to still have those skills unless the claimant cannot use them in other skilled or semi-skilled work that he can do now. 20 C.F.R. §§ 404.1565(a), 1568(d); Soc. Sec. Ruling 82-41 (February 26, 1979) ("SSR 82-41"). Transferability of skills is most probable or meaningful with jobs where the same or lesser degree of skill is required because people are not expected to do more complex work than they have previously performed. 20 C.F.R. § 404.1568(d); SSR 82-41. When skills are so specialized or have been acquired in an isolated vocational setting so that they are not readily usable in other work settings, the skills are not transferable. 20 C.F.R. § 404.1568(d)(3) (1986). Further, when a claimant

has performed work for a very short period of time and has, due to inability to adapt to that type of work, left that field, this period of employment generally does not qualify as past relevant work for purposes of determining transferable skills. Rather, the attempt is considered an "unsuccessful work effort." 20 C.F.R. § 404.1574(a)(1).

SSR 82-41 provides that "transferability of skills is an issue only when an individual's impairments(s) . . . prevent[s] the performance of past relevant work, and that work has been determined to be skilled or semiskilled." SSR-82-41.    The ALJ found that Plaintiff could not perform his past relevant work and that such work was skilled.    Pursuant to SSR 82-41, transferability of skills thus became an issue in this case.  However, the ALJ did not find that Plaintiff had acquired transferable skills, nor did he identify any such skills. The ALJ did not rely upon such skills in finding that Plaintiff could perform the full range of light work activity.   The ALJ noted that Plaintiff's past relevant work was performed at the heavy exertional level. Tr. 14 The ALJ noted Plaintiff's age, education, and vocational history. Tr. 15. The ALJ applied Rule 201.14 of the Grids, for an individual closely approaching advancing age who is a high school graduate and skilled or semi-skilled work experience where such skills are not transferable to direct a finding of "not disabled." Tr. 15. The ALJ was thus not required to otherwise discuss or determine Plaintiff's transferable skills if any; the application of this rule in the Grids does not require transferable skills, even if the claimant's past relevant work was at the skilled or semi-skilled level. *See* Rule 202.14, 20 CFR Pt. 404, Subpt. P, App. 2.

The claimant bears the burden of proof on the first four steps, and then the burden shifts to the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy. *Masterson*, 309 F.3d at 272; *Newton*, 209 F.3d at 453. Once the

Commissioner makes this showing, the burden shifts back to the claimant at the step 5 finding. *Newton*, 209 F.3d at 453.

Plaintiff argues that the Commissioner failed to carry this burden at step 5 insofar as the ALJ did not rely upon the testimony of a vocational expert to support the determination that Plaintiff could perform work which exists in significant numbers in the national economy.  However, as this court has already found that the ALJ did not err by applying the Grids, application thereof to direct a finding of "not disabled" constitutes substantial evidence sufficient to meet this burden.

The ALJ did not err at step 5 of the sequential evaluation process, and appropriate application of the Grids is sufficient and substantial evidence to support the step 5 finding that Plaintiff performs the residual functionary capacity to perform other work which exists in significant numbers in the national economy.

## IV.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed March 15, 2011 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

DATED this 9th day of August, 2012.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**